IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Mario Simmons, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> P. Douglas Taylor, Warden of Ridgeland ) <br> Correctional Institution; and Henry ) <br> McMaster, Attorney General of South ) <br> Carolina, ) <br> ) <br> Respondents. ) <br> ) | Civil Action No. 8:04-23343-HFF-BHH <br><br> **REPORT OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

**PROCEDURAL HISTORY AND FACTS PRESENTED**

*Conviction and Direct Appeal*

The record reveals that the petitioner is currently incarcerated at the Ridgeland Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Charleston County. The petitioner was indicted at the October 2000 term of the Court of General Sessions for assault and battery with intent to kill ("ABIK"). The petitioner was represented by Michael Coleman, Esquire. On February 26, 2001, the petitioner pled guilty to ABIK before the Honorable Clifton

Newman. The State agreed to recommend a cap of ten (10) years. Judge Newman sentenced the petitioner to confinement for eight (8) years.

The petitioner did not file a direct appeal from his conviction and sentence.

*State PCR Application*

The petitioner filed an application for post-conviction ("PCR") relief on February 11, 2002. In his application, the petitioner raised the following claims:

>   (1)   Ineffective assistance of counsel. Counsel did not inform me I would have to serve a two year probationary sentence after completion of my eight year sentence.
>   (2)   Involuntary plea. I did not know I would have to serve two years supervision after completion of my eight year sentence.
>   (3)   Did not know I could file a direct appeal.

(App. at 20-25.)

An evidentiary hearing was held before the Honorable Daniel E. Pieper on January 23, 2003. The petitioner was present and represented by Thomas B. Pritchard, Esquire. The petitioner testified, as did his trial counsel, Mr. Coleman. Judge Pieper orally denied relief at the hearing, and on February 14, 2003 he issued an order denying and dismissing the application. (App. at 73.)

The petitioner filed a timely notice of appeal of the PCR order of dismissal. On November 20, 2003, the petitioner's appointed counsel filed with the state supreme court a "no merit" *Johnson* petition for writ of certiorari and petition to be relieved as counsel, raising one issue on behalf of the petitioner: "Trial counsel was ineffective for failing to explain fully sentencing consequences in the case." The state filed a letter return to the petition for certiorari on November 21, 2003. The petitioner filed a *pro se* response to the *Johnson* petition on January 21, 2004, in which he raised the following ground:

> Counsel's erroneous advise regarding the completion of probationary, parole, or community supervised stipulations once released from prison or after serving 85 percent of sentence, resulted in an involuntary plea made by petitioner,

counsel was ineffective in failing to explain fully sentencing consequences in the case.

On September 13, 2004, the state supreme court issued an order denying the petition for writ of certiorari. The remittitur was sent down on September 30, 2004.

## *Federal Habeas Corpus Petition*

On December 28, 2004, the petitioner filed the present petition for Writ of Habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner alleges two grounds for relief:

> **A.** **Ground one:** Ineffective assistance of counsel.
> Supporting facts: Counsel fail to adequately inform me that I would have to serve a two (2) year probationary period after completion of eight (8) year sentence at eighty-five (85%) percent; and, when court was sentencing me court failed to adequately inform me that I would have to serve two (2) years probationary supervised time after serving eight (8) years at eighty five (85%) percent before original sentence is completed, and my counsel failed to object to the courts failure to properly inform me of this continuous two (2) year probationary supervised time.
>
> **B.** **Ground Two:** Involuntary plea; plea of guilty was not knowing and intelligently given, as I was not informed of all sentencing possibilities.
> Supporting facts: The Court did not and my counsel did not inform me that I would have to complete a continuous two (2) years supervision after serving eighty-five (85%) percent of my eight (8) year sentence before my original sentence can be completed. My understanding of my offense being non-paroleable, was that I would not be given parole/probation for the offense, I could not be released on parole/probation, and after serving eighty-five (85%) percent of my original eight (8) year sentence, I would not be placed on parole/probation or any form of being supervised by the Probation, Parole and Pardon Services. This is the understanding that I received from my counsel, so his erroneous advice lead me to believe and understand that I would not get parole/probation nor would I have to be supervised by any agent once released from incarceration after maxing out eighty-five (85%) percent of eight year sentence.

The respondents filed a return and a motion for summary judgment on March 21, 2005. By order of this court filed March 23, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed a response to the motion on April 29, 2005.

## **APPLICABLE LAW**

### *Liberal Construction of Pro Se Complaint*

The petitioner brought this action *pro se*. This fact requires that his pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

### *Summary Judgment Standard of Review*

The requirement of liberal construction does not mean that the court can assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. *See* Fed. R. Civ. P. 56(c). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive

the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

### *Section 2254 and Limitations Period*

Title 28, United States Code, Section 2254(d) and (e), provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Title 28, U.S.C., Section 2244(d)(1), provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending  shall not be counted toward any period of limitation under this subsection.

## DISCUSSION

*Statute of Limitations*

The respondents contend that the petitioner's petition should be dismissed because it was filed more than one year from the time when his state-court conviction became final on March 8, 2001.[1]  *See* 28 U.S.C. § 2244(d)(1). In his response, the petitioner contends that he had one year from September 13, 2004, the date that the South Carolina Supreme Court denied his petition for certiorari in his post-conviction proceeding.

The relevant portion of Section 2244(d)(1), as quoted above, states that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court" and that that "limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct

---

[1] Because the petitioner did not file a direct appeal, his conviction was final ten (10) days after his sentence was given by Judge Newman. S.C.R. App.Crim.P 203(b)(2).

6

review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). Section 2244(d)(2), however, tolls the one year period during the pendency of a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2).

From the record, it appears clear that the present petition is time-barred. The petitioner had until March 8, 2002 in which to file his federal habeas corpus action, unless the period was tolled under the provisions of § 2244(d)(2).  The petitioner did not file his state PCR action until February 11, 2002. Therefore, three hundred and forty (340) days of non-tolled time elapsed between the date the conviction became final, March 8, 2001, and the date the PCR action was filed. The habeas limitations period was tolled during the pendency of the PCR action, until September 13, 2004, when the South Carolina Supreme Court denied certiorari from the final order in the state PCR action. At that point, the petitioner had twenty five days of non-tolled time in which to file his federal habeas action. The present action was not filed until December 10, 2004. Therefore, a further total of eighty-eight days of non-tolled time elapsed between the South Carolina Supreme Court's disposition of the state PCR action and the filing of this habeas petition. Accordingly, the present habeas action is time-barred.

### *Substantive Claims*

Although the petitioner's claims are time barred, the Court will briefly address the petitioner's substantive claims. In his first ground, the petitioner claims that he received ineffective assistance of counsel because his attorney did not inform him that he would have to serve a two year probationary period after he completed his eight year sentence.

Claims of ineffective assistance of counsel are governed by the two part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner "must show that counsel's performance was deficient." *Id*. at 687. To prove deficiency, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. Second, the petitioner must show that the deficient

7

performance actually prejudiced him. In *Hill v. Lockhart*, 474 U.S. 52 (1985), the Supreme Court held that, to set aside a guilty plea based on ineffective assistance of counsel, a defendant must show: (1) his counsel's assistance was not "within the range of competence demanded of attorneys in criminal cases," and (2) a reasonable probability that he would not have pleaded guilty with competent counsel. *Id.* at 56, 59. The petitioner here has satisfied neither prong of the *Strickland/Hill* analysis for ineffective assistance.

The PCR court found that the petitioner did not establish that he would not have pled guilty but for the alleged bad advice or lack of advice he was given regarding the community supervision provision of his sentence. (App. 65-66; 79-82.) The petitioner testified at the PCR hearing that he would not have pled guilty, even to a ten year cap, had he known that probation would be required at the end of his sentence. However, trial counsel testified that from his first meeting with the petitioner, the petitioner made it clear that he did not want a trial but wanted the best plea deal possible. (App. 53-56.) Counsel stated that the petitioner never asked about the community service provision of the sentence, and noted that the only discussion he had with the petitioner about probation was in the context of a discussion that the judge could make part of the ten year cap a probationary sentence. Counsel denied ever telling the petitioner that there would be no probationary period and he testified that the negotiated sentence did not preclude the possibility of a probationary period (App. 59).

Moreover, the petitioner cannot show prejudice. He was clearly informed of the recommended ten year cap (App. 2; 8) and he actually received an eight year sentence, two years under the recommended cap. Even adding on the two year probationary period, his exposure remained the same as he believed it to be when he made the decision to plead guilty. The petitioner's argument appears illogical to this court; he is arguing that if he had received the full ten years in prison his plea would have been voluntary, but because he received only eight years, with two years of supervision following his release from prison, his plea was involuntary. It is unclear to this court how two less years in prison could be a prejudicial result.

Similarly, in his second ground for relief, the petitioner addresses his guilty plea, but in the context of an involuntary plea argument rather than an ineffective assistance of counsel claim. A guilty plea must be knowingly and voluntarily entered in order to be valid. The United States Supreme Court has held that a knowing and voluntary relinquishment of constitutional rights, such as the privilege against self-incrimination, the right to a jury trial and the right to confront one's accusers, cannot be presumed from a silent record. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). A guilty plea is constitutionally valid if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill,* 475 U.S. at 56 (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)).

The PCR court found that the plea transcript reflects that the petitioner was advised by the trial court of the maximum penalties he was facing, and was advised of the constitutional rights he waived by pleading guilty. Moreover, the PCR court found that the petitioner indicated his intent to plead guilty and admitted his guilt. (App. 33.) These findings are supported by the record.

In the trial court, there was an extensive plea colloquy in which the petitioner indicated he fully understood what was going on, he was not under the influence of drugs or alcohol, and he had not been forced or threatened to plead guilt. (App. 3 -12.) Clearly, the petitioner understood the consequences of his plea and made an informed and voluntary decision. Though the trial court did not specifically mention the possibility of probation, there is no affirmative duty to inform a defendant of a collateral consequence such as parole or probation. *See Jackson v. State*, 349 S.C. 62, 562 S.E.2d 475 (2002) (participation in a "community supervision program" is a collateral consequence of sentencing; trial counsel not required to advise a defendant about community supervision in order to render effective assistance of counsel in a guilty plea context); *Strader v. Garrison*, 611 F.2d 61 (4th Cir. 1979) (unless counsel gives erroneous advice, parole eligibility is not a ground for collateral attack of a guilty plea). Again, as discussed above, the plaintiff has simply not met his burden of showing that he would not have pled guilty, under any circumstances, if he had

known that he would receive a period of probation at the end of his sentence. Therefore, because the PCR court's rejection of the petitioner's claims did not result in an unreasonable application of federal law and was not based upon an unreasonable determination of facts in light of the state court record, his grounds for relief are without merit.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that the respondents' motion for summary judgment be granted.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

December 1, 2005
Greenville, South Carolina